HURLEY, Judge,
concurring.
The trial court suppressed contraband/evidence found in defendant’s carry-on luggage because it determined that the search was not conducted with defendant’s voluntary consent. Since “consent” is a question of fact and inasmuch as the trial court’s finding is supported by substantial competent evidence, I join in the court’s affirmance.
Nonetheless, I am troubled with the state’s contention that defendant’s imminent departure from the airport constituted an exigent circumstance so as to justify an immediate search. Both in its brief and during oral argument, the state adhered to the position that at the time of the search of defendant’s luggage, the police did not have probable cause to believe that the defendant was transporting drugs. As I view the facts, the case began with a citizen-police encounter which did not implicate defendant’s Fourth Amendment rights. See United States v. Mendenhall, - U.S. -, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Further, during the course of their discussion with the defendant I believe the police gathered sufficient information to create a founded suspicion that defendant was transporting drugs. At this point, after having determined defendant’s true identity and address, and with the requisite founded suspicion, the police had at least one other alternative-they could have detained defendant’s luggage for further investigation. See United States v. Van Leeuwen, 397 U.S. 249, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970) and United States v. Klein, 626 F.2d 22 (7th Cir. 1980).